# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Cooper C. Lynn, Respondent.

Appellate Case No. 2023-000028

---

Opinion No. 28140
Submitted February 23, 2023 – Filed March 15, 2023

---

## DISBARRED

---

Disciplinary Counsel John S. Nichols and Senior
Assistant Disciplinary Counsel Ericka M. Williams, both
of Columbia, for the Office of Disciplinary Counsel.

Cooper C. Lynn, of Darlington, Pro Se.

---

**PER CURIAM:**  In this attorney disciplinary matter, Respondent and the Office of
Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct, consents to
disbarment, and agrees to pay restitution and costs.  We accept the Agreement and
disbar Respondent from the practice of law in this state.

## I.

On August 23, 2019, Respondent was placed on interim suspension after he
admitted failing to hold unearned fees in trust. *In re Lynn*, 427 S.C. 577, 832
S.E.2d 608 (2019).  Formal charges were filed against Respondent on February 10,
2022, alleging misconduct as set forth in eight disciplinary complaints received
between 2018 and 2020.  In the Agreement, Respondent admits the material facts
alleged in the formal charges.

## Matter A

Husband and Wife (Clients) gave Respondent $70,000 to settle claims concerning the closure of their South Carolina business. Pursuant to the fee agreement, $10,000 was for legal fees and the remaining $60,000 was for the resolution of pending claims against Clients' company. Respondent failed to timely provide an accounting and a refund of unused funds upon Clients' request in violation of Rule 1.15(d), RPC, Rule 407, SCACR (requiring a lawyer to promptly deliver funds to third parties and promptly render a full accounting upon request by the client or third party). Respondent disputed the amount due to Clients; however, Respondent failed to hold both unearned fees and disputed funds in his trust account as required by Rules 1.15(a) (requiring a lawyer to safeguard and not commingle funds) and 1.15(e), RPC, Rule 407, SCACR (requiring a lawyer to hold disputed property in trust until the dispute is resolved).[1]

On January 31, 2019, Clients filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. The bankruptcy trustee (Trustee) asserted that up to $56,000 of the disputed funds that Respondent received from Clients belonged to Clients' bankruptcy estate and should be paid to Trustee. In an effort to avoid litigation, Respondent and Trustee agreed that Respondent would pay Trustee a total of $12,000 in equal installments of $500 per month beginning on October 1, 2019. Respondent failed to make any of the agreed payments.

In addition to the above-cited rules, Respondent admits his conduct in this matter also violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (prohibiting violations of the Rules of Professional Conduct) and Rule 8.4(e) (prohibiting conduct prejudicial to the administration of justice). In the Agreement, Respondent agrees to pay $12,000 in restitution to Clients.

---

[1] Although not referenced in the Agreement or formal charges, we observe Respondent's failure to hold unearned fees in trust in this matter also likely violated Rule 1.15(c) RPC, Rule 407, SCACR, which requires unearned fees to be held in trust absent a written agreement under Rule 1.5(f), RPC, treating the fees as immediately earned.

## Matter B

Respondent represented Client B in a domestic matter. At times during the representation, Respondent failed to adequately communicate with Client B regarding the status of the case. Specifically, between August 2018 and November 2018, Client B made repeated reasonable requests for a status update, but Respondent did not provide any response until December 10, 2018, and that response was incomplete. Respondent admits his actions in this matter violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.4 (requiring a lawyer to keep the client reasonably informed about the status of the matter and requiring prompt compliance with reasonable requests for information); and Rule 8.4(a) (prohibiting violations of the Rules of Professional Conduct).

## Matter C

Respondent engaged a law firm to assist him with representing Client C in a medical malpractice action. On February 22, 2016, a settlement in the medical malpractice action was approved, allocating $300,000 to a wrongful death claim and $50,000 to a survival claim. After all attorneys' fees and costs were disbursed, Respondent received $175,607.95 from the assisting law firm as net settlement proceeds due to Client C for both the wrongful death and the survival claim. Respondent returned $4,823.31 of that amount to the assisting law firm to satisfy a Medicaid lien and then issued a check to Client C in the amount of $120,784.64. Respondent retained the $50,000 allocated to the survival action and informed Client C that the proceeds would be disbursed in a separate probate action.

Respondent failed to diligently pursue the probate action in violation of Rule 1.3, RPC, Rule 407, SCACR (requiring a lawyer to diligently pursue a client's cause). Respondent failed to disburse the $50,000 allocated to the survival action to Client C or to the probate court in violation of Rule 1.15(d), RPC, Rule 407, SCACR (requiring prompt delivery of funds held in trust). Respondent admits that, instead, he misappropriated the $50,000 for his personal use in violation of the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15(a) (requiring a lawyer to safekeep funds held in trust); Rule 8.4(a) (prohibiting violations of the Rules of Professional Conduct); Rule 8.4(b) (prohibiting criminal acts that reflect adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer); Rule 8.4(d) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (prohibiting conduct prejudicial to the administration of justice).

After formal charges were filed against Respondent, Client C recovered $40,000 from the Lawyers' Fund for Client Protection as reimbursement for losses caused by Respondent's dishonest conduct. *See* Rule 411(c)(1), SCACR (limiting the recovery of each applicant to $40,000). In the Agreement, Respondent agrees to pay restitution in the amount of $10,000 to Client C.

## Matter D

Respondent represented Client D in a domestic matter. Respondent failed to adequately communicate with Client D regarding the status of the case. Specifically, Client D attempted for over a month to contact Respondent by email or telephone call to obtain a status update, but Respondent did not respond and his voice mailbox was full. Respondent admits his failure to communicate with Client D violated Rule 1.4, RPC, Rule 407, SCACR (requiring a lawyer to keep the client reasonably informed about the status of the matter and requiring prompt compliance with reasonable requests for information). Respondent also admits he failed to diligently pursue Client D's action in violation of Rule 1.3, RPC, Rule 407, SCACR (requiring a lawyer to diligently pursue a client's cause). Further, Respondent admits that following his interim suspension on August 23, 2019, he failed to refund unearned fees to Client D in violation of Rule 1.16(d), RPC, Rule 407, SCACR (requiring that upon termination of representation, a lawyer must refund payment of any unearned fee or expense that has not been incurred).

## Matter E

Client E retained Respondent in 2014 to represent him in a civil action. Client E died in 2016, and his wife was appointed personal representative of the estate. On April 16, 2019, Respondent received a settlement check in the amount of $30,000. Respondent failed to disburse the settlement funds to the probate court or to Client E's estate in violation of Rule 1.15(d), RPC, Rule 407, SCACR (requiring prompt delivery of funds held in trust). Rather, Respondent admits he misappropriated the settlement funds for his own use in violation of the following Rules of Professional Conduct: Rule 1.15(a) (requiring a lawyer to safekeep funds held in trust); Rule 8.4(a) (prohibiting violations of the Rules of Professional Conduct); Rule 8.4(b) (prohibiting criminal acts that reflect adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer); Rule 8.4(d) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (prohibiting conduct prejudicial to the administration of justice).

## Matter F

Respondent represented Client F regarding the estate of his deceased mother. Respondent and Client F executed a fee agreement in July 2014, providing for the retainer fee of $5,000 with an hourly rate of $200 to be billed against that retainer fee. When the issues in the case became more complicated than originally contemplated, Respondent and Client F executed a second fee agreement for the payment of an additional $2,000 retainer at the same hourly rate. Respondent failed to retain $1,229.24 in unearned fees in his trust account in violation of Rule 1.15(a), RPC, Rule 407, SCACR (requiring a lawyer to safekeep funds held in trust).[2] After having retained Respondent in July 2014, Client F learned in October 2019 that Respondent had failed to diligently pursue Client F's matter in violation of Rule 1.3, RPC, Rule 407, SCACR (requiring a lawyer to diligently pursue a client's cause).

Respondent was also in possession of $22,639.78 received from the decedent's checking account and approximately $45,000 from the sale of the decedent's residence. Respondent failed to disburse any of these estate funds to the probate court or to the beneficiaries of the estate in violation of Rule 1.15(d), RPC, Rule 407, SCACR (requiring prompt delivery of funds held in trust). Rather, Respondent admits he misappropriated the funds for his own use in violation of the following Rules of Professional Conduct: Rule 1.15(a) (requiring a lawyer to safekeep funds held in trust); Rule 8.4(a) (prohibiting violations of the Rules of Professional Conduct); Rule 8.4(b) (prohibiting criminal acts that reflect adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer); Rule 8.4(d) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (prohibiting conduct prejudicial to the administration of justice).

On October 22, 2019, ODC mailed Respondent a notice of investigation requesting a response within fifteen days. On November 26, 2019, ODC sent Respondent a letter pursuant to *In re Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), reminding Respondent that his response was overdue. Respondent did not submit a response until November 30, 2020—more than a year after it was due. Respondent admits his failure to timely respond to the notice of investigation violated Rule 8.1(b), RPC, Rule 407, SCACR (prohibiting a lawyer from knowingly failing to respond

---

[2] Again, though not referenced in the Agreement or formal charges, we observe Respondent's failure to hold unearned fees in trust in this matter also likely violated Rule 1.15(c) RPC, Rule 407, SCACR, which requires unearned fees to be held in trust absent a written agreement under Rule 1.5(f), RPC, treating the fees as immediately earned.

to an ODC inquiry).

## Matter G

Respondent represented Client G in a domestic matter.  Respondent failed to adequately communicate with Client G about the status of the case.  Specifically, between February 2018 and August 2019, Client G attempted to contact Respondent for reasonable updates on the matter but received no response.  Respondent admits his failure to communicate with Client G violated Rule 1.4, RPC, Rule 407, SCACR (requiring a lawyer to keep the client reasonably informed about the status of the matter and requiring prompt compliance with reasonable requests for information).

Additionally, the family court ruled in Client G's favor in February 2018, but as of August 2019, Respondent had not provided a proposed order for the family court.  Respondent admits he failed to diligently pursue Client G's matter in violation of Rule 1.3, RPC, Rule 407, SCACR (requiring a lawyer to diligently pursue a client's cause).

On January 9, 2020, ODC mailed Respondent a notice of investigation requesting a response within fifteen days.  On February 5, 2020, ODC sent Respondent a *Treacy* letter reminding Respondent that his response was overdue.  Respondent did not submit a response until May 21, 2020.  Respondent admits his failure to timely respond to the notice of investigation violated Rule 8.1(b), RPC, Rule 407, SCACR (prohibiting a lawyer from knowingly failing to respond to an ODC inquiry).

## Matter H

Respondent represented Client H in a domestic matter.  After Client H engaged Respondent in December 2018, there was limited contact with Respondent, and after March 2019, Respondent failed to respond at all to any of Client H's reasonable requests for information.  Respondent admits his conduct violated Rule 1.4, RPC, Rule 407, SCACR (requiring prompt compliance with reasonable requests for information).  Further, as of August 2019, Respondent had done little to no work on Client H's matter, and Client H had to hire new counsel.  Respondent admits he failed to diligently pursue Client H's matter in violation of Rule 1.3, RPC, Rule 407, SCACR (requiring a lawyer to diligently pursue a client's cause).

On January 15, 2020, ODC mailed Respondent a notice of investigation requesting a response within fifteen days. On February 7, 2020, ODC sent Respondent a *Treacy* letter reminding Respondent that his response was overdue. Respondent did not submit a response until May 21, 2020. Respondent admits his failure to timely respond to the notice of investigation violated Rule 8.1(b), RPC, Rule 407, SCACR (prohibiting a lawyer from knowingly failing to respond to an ODC inquiry).

## II.

Respondent admits his misconduct as set forth above is grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (providing a violation of the Rules of Professional Conduct is a ground for discipline); Rule 7(a)(3) (providing a knowing failure to respond to an ODC inquiry is a ground for discipline); Rule 7(a)(5) (providing conduct demonstrating an unfitness to practice law is a ground for discipline); and Rule 7(a)(6) (providing a violation of the Lawyers' Oath is a ground for discipline). *See* Rule 402(h)(3), SCACR (requiring faithfulness, competence, diligence, good judgment, and prompt communication of all lawyers licensed to practice in South Carolina).

In the Agreement, Respondent consents to disbarment and requests that it be imposed retroactively to the date of his interim suspension on August 23, 2019. As a condition of discipline, Respondent also agrees to pay costs, as well as $12,000 in restitution to Clients in Matter A, $10,000 in restitution to Client C, and $133,960 to reimburse the Lawyers' Fund for Client Protection for sums paid on Respondent's behalf. Prior to seeking readmission, Respondent agrees to attend the Legal Ethics and Practice Program Ethics School and Trust Account School. Respondent presented no evidence in mitigation of his misconduct.

On December 8, 2022, this matter was submitted to a hearing panel of the Commission on Lawyer Conduct, which unanimously recommended that the Court accept the Agreement and disbar Respondent retroactive to the date of his interim suspension.

## III.

"This Court has never regarded financial misconduct lightly, particularly when such misconduct concerns expenditure of client funds or other improper use of trust funds." *In re Wern*, 431 S.C. 643, 649, 849 S.E.2d 898, 901 (2020) (citation

omitted) (disbarring an attorney for misappropriating trust account funds). In light of Respondent's admitted pattern of financial misconduct and client neglect, we find disbarment is the appropriate sanction. *See In re Locklair*, 418 S.C. 467, 795 S.E.2d 9 (2016) (disbarring an attorney for failing to communicate with clients, failing to handle client matters diligently, and misappropriating funds that should have been held in trust).

Accordingly, we accept the Agreement and disbar Respondent from the practice of law in this state, retroactive to his interim suspension on August 23, 2019. Within thirty days of the date of this opinion, Respondent shall enter into an agreement with the Commission on Lawyer Conduct to pay: (1) $12,000 in restitution to Clients in Matter A; (2) $10,000 in restitution to Client C; (3) $133,906.55 to the Lawyers' Fund for Client Protection; and (4) the costs incurred in the investigation and prosecution of this matter by ODC and the Commission. Within fifteen days of the date of this opinion, Respondent shall surrender his Certificate of Admission to the Practice of Law to the Clerk of this Court. Prior to seeking readmission, Respondent must attend the Legal Ethics and Practice Program Ethics School and Trust Account School.

**DISBARRED.**

**BEATTY, C.J., KITTREDGE, FEW, JAMES and HILL, JJ., concur.**